IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**JUAN CARLOS PEREZ GARCIA, et al.**

    **Plaintiffs,**

    **v.**

**PUERTO RICO PORTS AUTHORITY, et al.**

    **Defendants.**

**Civil No. 08-1448 (GAG)**

**CARIBBEAN AIRPORT FACILITIES, INC.**

    **Third-Party Plaintiff,**

    **v.**

**KINGFISHER AIR SERVICES, et al.**

    **Third-Party Defendants**

## OPINION AND ORDER

Plaintiff in this matter, Juan Carlos Perez Garcia ("Plaintiff") commenced this action against the Puerto Rico Ports Authority ("PRPA"), Caribbean Airport Facilities ("CAF"), and Kingfisher Air Services ("KF") (collectively "Defendants"), and each of their respective insurance companies[1], after suffering injuries as a result of alleged negligence by the defendants. Defendant CAF filed a claim against KF and Antilles Insurance Company ("Antilles") (Docket No. 398) seeking defense from and indemnity for the claims brought against it by Plaintiff in the original action. This matter is currently before the court on various motions for summary judgment filed by defendants CAF,

---

[1] Ace Property & Casualty Insurance Company, American International Insurance Company of Puerto Rico, Inc., and Antilles Insurance Company.

**Civil No. 08-1448 (GAG)**                               2

KF, and Antilles (Docket Nos. 81, 430, 431, 441). The court has been thoroughly briefed on each of these motions. After reviewing the submissions and pertinent law, the court **GRANTS in part and DENIES in part** these motions for summary judgment.

**I.     Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)). In disputes involving questions of motive or intent, the movant's burden is particularly rigorous. Unsettled issues regarding motive and intent will often preclude summary judgment. See Lipsett v. Univ. of P.R., 864 F.2d 881, 895 (1st Cir. 1988).

**Civil No. 08-1448 (GAG)**                                         3

## II.    Relevant Factual & Procedural Background

Plaintiff was employed by KF as an airline captain based full-time on the island nation of St. Martin. Prior to his hiring, Plaintiff informed KF that he was a Spanish citizen without authorization to work in the United States. His employment contract states that his home base is in St. Martin. Plaintiff's salary is paid out of St. Martin and he receives no pay in Puerto Rico. No money is deducted from his salary to pay United States payroll taxes, Puerto Rico taxes, or any other tax withholdings required under the laws of the United States.

KF is a charter-on-demand company that was hired by Air St. Kitts-Nevis ("St. Kitts") to provide parcel delivery service to DHL in the Eastern Carribean area. St. Kitts had a contract with DHL. St. Kitts is a foreign corporation and therefore could not fly through Puerto Rico. Because DHL's parcel service traveled through Puerto Rico, St. Kitts was forced to hire KF to fly the routes through Puerto Rico.

On May 2, 2006, Plaintiff reported to the KF office located on the second floor of the Caribbean Airport Facilities Building ("CAF1") at the Muniz Air Base in Puerto Rico. He was scheduled to fly from Puerto Rico to St. Martin, where he was to begin work delivering cargo for DHL. Because Plaintiff was not a citizen, he did not have a security badge granting him access to the flight line. The area between the CAF1 and the airplane was a restricted area and could only be accessed by an individual with a security badge. As a result Plaintiff was being transported from the KF office to the airplane by another KF employee, Michael Jackson. Plaintiff was injured while being transported in the golf cart on a vertical reciprocating conveyor ("VRC"). The VRC is located inside CAF1, which is a building owned by defendant CAF. Plaintiff was taken to the Industrial Hospital at the Puerto Rico Medical Center where he remained hospitalized until he was able to be transferred to a hospital in Spain. In connection with his accident, Plaintiff contends that he has never filled out or submitted any claim forms to the Puerto Rico State Insurance Fund ("SIF"), nor has he authorized anyone to do so on his behalf. He has also had no contact with anyone from the SIF about any matter pertaining to the accident on May 2, 2006.

On or around January 10, 2001 (prior to the events that resulted in Plaintiff's injuries) CAF

**Civil No. 08-1448 (GAG)**                                     4

and KF entered into a lease agreement ("the Lease"), the term of which was from January 15, 2001 through December 31, 2004. The Lease covenanted to KF the "Premises," which was defined as exclusive use of approximately 1,000 square feet of office improvements on the second floor of CAF1. The Lease described the Premises as part of [CAF's] facility, which was collectively referred to as the "Project." The Lease further stated that [KF] shall have the right to use all of the common areas of the Project as necessary to access its exclusive Premises. The Lease also included a mutual indemnification clause ("Mutual Indemnification Clause").[2] The Lease was amended on or about November 29, 2005. The amendment extended the term of the Lease agreement from January 1, 2006 to December 31, 2006 and kept all other terms and conditions of the original Lease in effect.

The Lease, required KF, as lessee, to maintain full liability and contents insurance, and to include the lessor (CAF) as additional insured. Antilles issued a Commercial General Liability Insurance Policy ("Insurance Contract") to KF for the period March 5, 2004 to March 5, 2007. Under the terms of the policy CAF was listed as an "Additional Insured." The policy stated that "We [( KF & Antilles)] agree that any aviation or cargo operations or other operations related to use, maintenance, repair or [sic] an aircraft are not covered under any circumstances. Coverage is provided only for office area and premises."

On May 2, 2006, the day of the alleged accident involving Plaintiff, the Antilles Liability Policy was in full force and effect. CAF provided notice of the accident as well as the commencement of the main action to KF and Antilles. CAF demanded that Antilles defend and

---

[2] The Mutual Indemnification Clause reads:

Lessee and Lessor each agree to indemnify and hold the other harmless from and against any and all losses, damages, claims, lawsuit actions, judgments, liability and expenses, including reasonable attorney fees, to the extent arising out of or with respect to . . . any injury to or death of persons and/or any damage to or destruction of property on or about the Premises and attributable to the negligence or misconduct of the Lessee or the Lessor respectively, or their respective officers, employees, agents, contractors or invitees, except as otherwise specifically provided for in this Lease.

**Civil No. 08-1448 (GAG)**                    5

indemnify it as an additional insured against the allegations asserted by Plaintiff. On or about May 21, 2008, Antilles denied CAF's demand to defend and indemnify it under the Antilles Liability Policy.

On June 12, 2008, CAF commenced the instant third-party action against KF and Antilles for breach of contract, seeking defense and indemnity under the Insurance Contract which named CAF as an Additional Insured. CAF alleged breach of contract claims against both KF and Antilles, arising out of Antilles refusal to comply with its contractual obligation to insure it against claims by Plaintiff.

On November 14, 2008, CAF filed motions for summary judgment against Antilles (Docket No. 78) and against KF (Docket No. 79). On November 18, 2008, and November 21, 2008, Antilles and KF, respectively filed their own motions for summary judgment (Docket Nos. 81 & 83) regarding the same issues addressed by CAF's motion.[3] The court denied these motions without prejudice, citing the ongoing discovery schedule. (See Docket No. 247.) At the conclusion of discovery, Antilles filed a supplemental motion for summary judgment (Docket No. 429) adopting by reference its previous motion (Docket No. 81). CAF subsequently re-filed its motions against both KF and Antilles (Docket Nos. 430 & 431). On December 12, 2010, KF re-filed its motion for summary judgment (Docket No. 441). All of the motions have been thoroughly briefed by the relevant parties. The court will address the pending motions between these parties in turn.

**III.    Discussion**

  **A.    KF's Summary Judgment Motion Against Plaintiff**

KF moved for summary judgment against Plaintiff arguing that Plaintiff has no cause of action against KF as it is immune under the Workmen's Accident Compensation Act, P.R. Laws. Ann. tit. 11, §§ 1, *et seq.*, Law No. 45 of April 18, 1935 ("Law 45").[4] Law 45 provides immunity

---

[3] In its motion, KF also moved for summary judgment on Plaintiff's claims.

[4] Plaintiff opposed KF's motion on February 18, 2011 (Docket No. 475). KF then requested

**Civil No. 08-1448 (GAG)**                                     6

to an employer from any action by an employee provided that the employer is insured by the State Insurance Fund. Specifically, Law 45 provides employees the exclusive remedy of seeking redress with the State Insurance Fund. The applicable section of the statute states:

> § 21 Exclusiveness of remedy
>
> When an employer insures his workmen or employees in accordance with this chapter, the right herein established to obtain compensation shall be the only remedy against the employer, even in those cases where maximum compensations and benefits have been granted in accordance thereof; but in case of accident to, or disease or death of, the workmen or employees not entitled to compensation under this chapter, the liability of the employer is, and shall continue to be, the same as if this chapter did not exist.

P.R. Laws Ann. tit 11, § 21. Therefore, if KF is an insured employer pursuant to Law 45, Plaintiff's claim against it must be dismissed.

In his opposition Plaintiff contends that KF's Law 45 immunity does not apply to him as he is a foreign national that does not have authorization to work in the United States.[5] According to Plaintiff's employment contract, he was stationed to work in St. Martin. (See Docket No. 476-5 at 1.) Plaintiff's salary was paid out of St. Martin, and no payroll deductions were made to Puerto Rico. (See Docket No. 476-4 at 2, ¶ 4.) Furthermore, Plaintiff supports his position with the deposition testimony of KF's Assistant Director of Operations, Jacob Van Praag. (See Docket No. 476-3 at 18, l. 22-23; at 27, l. 4-17) In his testimony, Van Praag identifies the persons employed by KF in Puerto Rico on the day of Plaintiff's injury. He expressly admits that he does not include Plaintiff because he was not based in Puerto Rico. (See Docket No. 476-3 at 30, l. 2-5.)

Plaintiff also highlights provisions of Law 45 that require protected employers to keep "a complete register showing the names of all such workers or employees, their age, gender, the nature of the work they perform and the wages paid to each." P.R. Laws Ann. tit 11, § 29. Plaintiff

---

an extension of time until March 11, 2011 to file a reply to Plaintiff's opposition. KF's deadline to reply has passed. The court therefore only considered Plaintiff's opposition when addressing this motion.

[5] Third party defendants PRPA, ACE Insurance Company, and Club Car, LLC join Plaintiff's arguments as found in his opposition (Docket No. 481).

**Civil No. 08-1448 (GAG)**                                   7

contends that KF's failure to produce this document as part of the State Insurance Fund file precludes summary judgment as to this issue. However, contrary to Plaintiff's assertions, Section 29 designates an employer's failure to file this register as a misdemeanor, and does not speak to its effect on the employer's immunity status. See id.

In its opposition (Docket No. 483), third-party defendant, Club Car, LLC, cites to Puerto Rico case law in support of Plaintiff's argument. In Mojica-Ocasio v. Sea Land Service, Inc., the trial court in Puerto Rico addressed the issue of an employer's failure to comply with its statutory duties. 1997 U.S. Dist. Lexis 16423. In Mojica, the court ruled that the defendant was not an immune employer under Law 45 because the SIF had determined that the plaintiff's employer had failed to file its payroll statement as required by Article 27 of Law 45. Id. at *3 -*4. However, the circumstances in this case are not the same as in Mojica. Contrary to what the court had before it in Mojica, KF has presented a letter from the SIF which indicates that it was in fact an insured employer with regard to Plaintiff's accident. (See Docket No. 442-3.) The SIF's determination is dispositive of this issue. See Benito-Hernando v. Gavilanes, 849 F. Supp. 136, 139-40 (D.P.R. 1994) (citing Colonos de Caña de Santa Juana, Inc. v. Junta Azucarera, 77 D.P.R. 392, 396 (1954) ("Under Puerto Rico law, decisions by administrative agencies enjoy great deference by the courts. It is a well-recognized norm of the Supreme Court of Puerto Rico to give great consideration and respect to conclusions and interpretations of specialized administrative bodies.")). Regardless of Plaintiff's citizenship status or KF's alleged failure to file an employee register, the SIF had designated KF as an immune employer with regard to Plaintiff's accident. Therefore, the workmen's compensation provided by Law 45 is the sole remedy available to Plaintiff against KF. If Plaintiff had wanted to appeal the SIF's determination he needed to do so with the appeals board of the Industrial Commission. See P.R. Laws Ann. tit. 11, § 11. No such appeal has been brought to the attention of the court, therefore the Commission's determination is final. Benito-Hernando, 849 F. Supp. at 140 (recognizing finality of SIF's determination when the same was not appealed by the plaintiff). Accordingly, the court **GRANTS** summary judgment as to Plaintiff's claim against KF and **DISMISSES** the same.

**Civil No. 08-1448 (GAG)**                                8

**B.    Summary Judgment Motions Between CAF and KF (Docket Nos. 431 & 441)**

In its motion for summary judgment (Docket No. 431) CAF moved for judgment as a matter of law on two grounds: (1) CAF is entitled to defense and indemnity from KF as a result of KF's breach of its contractual duty to procure full liability insurance on CAF's behalf; and (2) pursuant to the Mutual Indemnification Clause, CAF is entitled to defense and indemnity from KF for the portion of any judgment rendered against CAF attributable to KF's negligence. In its motion (Docket No. 441), KF addressed the issues presented by CAF and also moved for dismissal based on its immunity Law 45. The parties' arguments will be considered in turn.

   **1.    KF's Immunity Under Law 45**

KF moved for summary judgment against CAF, contending that it is not legally obligated to indemnify CAF for any potential liability for Plaintiff's injuries. KF asserts that pursuant to Law 45 it cannot be held directly or indirectly liable for damages claimed by one of its employees. (See Docket No. 441 at 3-6.) KF points to the Supreme Court of Puerto Rico's decision in Admor. F.S.E. v. Flored Hnos. Cement Products, 107 D.P.R. 789 (1978) as grounds for its contention that an insured employer cannot be sued directly by an employee, nor can it be sued indirectly through a third-party claim. In Cortijo Walker v. P.R. Water Res. Auth., 91 P.R.R. 557 (1964) the Puerto Rico Supreme Court explained the general rule as it was applied in Admor. F.S.E. The Cortijo court reasoned that allowing third-party claims against a covered employer would contradict the legislative intent behind the Workmen's Accident Compensation statute by exposing the employer to lawsuits from work-related injuries. 91 P.R.R. at 564. Therefore, the court dismissed the third-party complaint. After rendering its decision in Cortijo, the court addressed a similar issue in Velez v. Halco Sales, Inc., 97 P.R.R. 426 (1969),[6] however this time it considered the impact of Law 45's immunity on a contractual agreement to indemnify. The Velez court ruled that an employer's exercise of its right to contractual indemnity is not contrary to the rule established in Cortijo or to the statutory intent of Law 45. Velez, 97 P.R.R. at 433-34. The court held that:

---

[6] A certified translation of the Velez decision was filed with the court at Docket No. 448-5.

**Civil No. 08-1448 (GAG)**                                9

> [I]f an employer, knowing the state of the law and the immunity which protects him, in his freedom of contract decides to assume an obligation regarding third persons who might be guilty of the accident, this in no way affects the public policy nor the integrated system of compensation to workmen, provided, as far as the worker and the Fund are concerned, that the provisions of the law, which cannot be modified or altered contractually, be complied with.

Id. at 434. Thus, the court permitted a third-party complaint against the employer when the basis for the insured employer's liability was contractual. Id. at 435.

In its motion for summary judgment against KF (Docket No. 431-8) CAF denies KF's claim of immunity, citing to the Lease's Mutual Indemnification Clause as establishing contractual grounds for KF's duty to indemnify CAF, and thus falling outside of the immunity provided by Law 45. (See Docket No. 431-89 at 22.) As recognized by the Puerto Rico Supreme Court in Velez, KF's immunity protecting it from direct and indirect tort liability for Plaintiff's work-related injuries does not extend to its contractual obligation to indemnify CAF for the same.[7] The Mutual Indemnification Clause clearly creates a contractual duty on the part of KF to "indemnify and hold [CAF] harmless from and against any and all losses, damages, claims, lawsuit actions, judgments, liability and expenses . . . attributable to the negligence or misconduct of the Lessee of the Lessor respectively." (See Docket No. 80-17 at ¶ 7.)

Accordingly, the court **DENIES** KF's motion for summary judgment on the issue of its immunity under Law 45, and in turn **GRANTS** CAF's motion for summary judgment as to this issue. Therefore, the court finds that Law 45 does not hold KF immune from its obligation to

---

[7] In its motion for summary judgment KF argues that, because the Mutual Indemnification Clause does not contain an express waiver of KF's Law 45 immunity, it cannot abrogate KF's immunity against third-party suits. (See Docket No. 441 at 9-13.) However, as CAF correctly asserts (see Docket No. 478 at 11-15), the Puerto Rico Supreme Court did not require such specificity in its ruling in Velez. The indemnification clause analyzed in Velez read: The Lessee/Buyer *assumes all responsibility* for claims asserted by any person whatever growing out of the erection and maintenance, use or possession of said equipment *and agrees to hold Halco harmless from all such claims*." 97 P.R.R. at 433 n. 1 (emphasis in original). This language is similar to the language used in the Mutual Indemnification Clause. Therefore, the court will not assume an express waiver is required.

**Civil No. 08-1448 (GAG)**               10

indemnify CAF for any liability resulting from Plaintiff's injuries attributable to KF's negligence.

### 2. The Applicability of the Mutual Indemnification Clause

As alternate grounds for summary judgment, KF contends that regardless of whether it is immune under Law 45, the language of the Mutual Indemnification Clause does not apply to liability arising from the circumstances surrounding Plaintiff's injuries. (See Docket No. 441 at 6-14.)

The Mutual Indemnification Clause reads in pertinent part that the "Lessee and Lessor each agree to indemnify and hold the other harmless from and against any and all . . . claims . . . with respect to . . . any injury to . . . persons . . . *on or about the Premises* and attributable to the negligence or misconduct of the Lessee or the Lessor respectively." (See Docket No. 80-17 at ¶ 7) (emphasis added). KF argues that the language "on or about the premises" does not encompass the area where Plaintiff was injured, and therefore the indemnification clause does not apply. In contrast, CAF argues in its motion for summary judgment that the language "on or about the premises" clearly covers the area encompassing the VRC, which it identifies as a "common area." Thus, there is a dispute over the meaning of the terms used in the Lease.

"Article 1233 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3471, determines the manner in which the courts should interpret contracts under dispute as to the meaning of their terms." P.R. Telephone Co. Inc. v. Telecommunications Regulatory Bd. of P.R., 704 F. Supp. 2d 104, 121 (D.P.R. 2010). Article 1233 provides that "If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed." P.R. Laws Ann. tit. 31, § 3471. When interpreting Puerto Rico contract law, the First Circuit has adamantly held, "we mean what we say, and say what we mean: extrinsic evidence of the parties' intent is inadmissable in the face of a clear and unambiguous contract term under Puerto Rico Law." The court has described an agreement as "clear" when it can " 'be understood in one sense alone, without leaving any room for doubt, controversies or difference of interpretation. . . .' " Catullo v. Metzner, 834 F.2d 1075, 1079 (1st Cir. 1987) (quoting Heirs of Ramirez v. Superior Court, 81 P.R.R. 347, 351 (1959)).

In support of their contentions, both parties offer extrinsic evidence demonstrating the

**Civil No. 08-1448 (GAG)**                    11

intentions of the parties at the time the contract was signed. (See Docket Nos. 431-6 at 43-44; 442-1 at 5-6.) However as previously recognized, the court cannot consider such submissions if the terms of the contract are clear and unambiguous. See Executive Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66, 69 (1st Cir. 1995) ("to consider the extrinsic evidence at all, the court must first find the relevant terms of the agreement unclear."). Accordingly, the court must assess the language of the Lease and determine, as a matter of law, whether the pertinent terms are subject to multiple interpretations. See City of Hope Nat'l Med. Ctr. v. Seguros de Servicios de Salud de Puerto Rico, Inc., 983 F. Supp. 68, 76 (D.P.R. 1997) (quoting Martin v. David T. Saunders Construction Co., Inc., 813 F. Supp. 893, 901 (D. Mass. 1992) ("Contract interpretation is a matter of law, absent some fact related ambiguity in the contract.")).

The terms at issue in the dispute are "on or about the Premises" and "common areas." The Lease clearly states that the leased property is defined as the "Premises" which is part of the lessor's facility known as the "Project." (See Docket No. 430-4 at 34.) The Premises consists of approximately 1,000 square feet of office improvements on the second floor of the CAF1 building. (See id.) The Lease also grants the lessee the right to use all of the common areas of the Project as necessary to access its exclusive Premises. (See id.) However, the Lease does not provide guidance as to the meaning of the phrase "on or about," nor does it provide an exhaustive list of the "common areas" that are subject to the terms of the Lease.[8] As such, it appears that these terms are open to multiple interpretations, thus permitting the introduction of extrinsic evidence. See Executive Leasing Corp., 48 F.3d at 69.

In support of its interpretation of the ambiguous terms, CAF offers a sworn affidavit of

---

[8] CAF points to multiple decisions from surrounding courts which stand for the proposition that the language "on or about the premises" includes common areas adjacent to the designated "premises." See e.g. Wagner v. Regency Inn Corp., 463 N.W.2d 450, 455-56 (Mich. Ct. App. 1990) (when indemnity provision in lease covered injuries "on or about" the leased premises, the court held that "[w]hile plaintiff's injury, which occurred in the hotel parking lot, may not have occurred on the actual premises leased and controlled by defendant, it occurred in proximity to, in other words, 'on or about,' the leased premises.")

**Civil No. 08-1448 (GAG)**                    12

Anthony C. Tirri, owner of CAF. In his affidavit, Tirri attests to the fact that the VRC was considered one of the common areas of the building. (See Docket No. 431-6 at 44, ¶ 9.) He further states that KF, as a lessee of CAF, was permitted to use all common areas of CAF1 including the VRC to enter and leave their offices and to move equipment, supplies, material, and cargo. (See Docket No. 431-6 at 44, ¶¶ 7-8.) CAF also presents the deposition of KF's Director of Maintenance, Michael Jackson to demonstrate that KF's own personnel had direct access to the VRC and used it "a lot." (See Docket No. 462-2 at 20, l. 3-23.) In his deposition Jackson also identifies part of the storage area in CAF1 as KF's storage cage. (See Docket No. 462-2 at 5, l. 15-19.) The area identified by Jackson as KF's storage cage is presented in a photograph. (See Docket No. 462-2 at 31.)

In contrast, KF submits deposition testimony of Jane Tirri, daughter of Anthony Tirri, to support its contention that the VRC was not designated as a "common area." In her deposition, Ms. Tirri asserted that the VRC was located in a restricted area that was only to be used in conjunction with storage on the second floor. (See Docket No. 442-1 at 5, l. 14-24.) She also testified that the Lease with KF did not include any storage area located at the warehouse where the VRC is located, and that therefore KF had no access to the VRC at the time of the accident. (See Docket No. 442-1 at 6, l. 3-10.) KF also offers deposition testimony of Anthony Tirri, in which he states that the Lease did not include use of the storage area where the VRC is located. (See Docket 442-2 at 5, l. 8-11.)

The parties' submissions demonstrate a disputed issue of material fact as to the status of the VRC at the time of Plaintiff's injury. This factual dispute precludes the granting of summary judgment as to these issues. Accordingly, the court **DENIES** CAF's and KF's summary judgment motions as to the issue of whether the Mutual Indemnification Clause applies to the injuries sustained by Plaintiff.

### 3.     Breach of Contractual Obligation to Provide Full Insurance

CAF moved for summary judgment on its breach of contract claim, alleging that Antilles' refusal to defend and indemnify CAF as an additional insured demonstrates KF's failure to procure full insurance coverage for the Premises, per the terms of the Lease. (See Docket No. 431-8 at 16.)

**Civil No. 08-1448 (GAG)**                13

However, CAF's breach of contract claim is directly intertwined with the question of whether or not the VRC was located within the area in which KF was required to obtain insurance. This disputed issue of material fact precludes summary judgment on this claim. Accordingly, the court **DENIES** both CAF's and KF's motion for summary judgment as to CAF's breach of contract claim.

  **C.**  **Summary Judgment Motions between CAF and Antilles (Docket Nos. 430 & 429)**

  In its motion for summary judgment (Docket No. 429), Antilles moved for judgment as a matter of law on two grounds: (1) that it cannot be held liable because it is exempt from liability under the Law 45 immunity held by its insured party – KF; and (2) pursuant to the terms of the Insurance Contract, Antilles has no duty to insure CAF for the damages alleged by Plaintiff. CAF responded to Antilles' arguments (Docket Nos. 438-2 & 461), and addressed these same issues in its own motion for summary judgment (Docket No. 430-8). Antilles filed responses to CAF's summary judgment motion (Docket Nos. 446 & 463).

    **1.**  **Antilles Immunity Under Law 45**

  As grounds for its Law 45 immunity, Antilles argues that injured employees cannot indirectly recover from their employer's liability insurance when Law 45 bars an employee's direct cause of action against the employer. In support, Antilles cites <u>Ruiz Rodriguez v. Littleton Industries Leasing Corp.</u>, 574 F.2d 44 (1st Cir. 1978). In <u>Ruiz Rodriguez</u>, the First Circuit recognized that under Law 45 an injured employee is prohibited from seeking recovery against an employer's insurance company when the employer itself was exempt from liability. However, as previously recognized, the Puerto Rico Supreme Court has ruled that the Law 45 exemption does not apply when the obligation to indemnify arises from a contractual relationship. <u>See</u> <u>Velez</u>, 97 P.R.R. at 435. As such is the case here, Antilles cannot claim Law 45 exemption under the holding in <u>Ruiz Rodriguez</u>.

  In response, Antilles highlights a distinction between the indemnification clause in <u>Velez</u> and the one in the instant case, recognizing the former to be a unilateral agreement to indemnify. (<u>See</u> Docket No. 110 at 5-6.) However, Antilles fails to explain why this distinction should persuade this court not to apply the holding in <u>Velez</u> to the instant case. The <u>Velez</u> court in no way indicated that

**Civil No. 08-1448 (GAG)**                14

the unilateral nature of the indemnification clause was pertinent to its analysis, and this court will not assume as much. Accordingly, Antilles, as an insurer of CAF, is not covered by Law 45's liability exemption. The court **GRANTS** CAF's motion as to this issue and, in turn**, DENIES** Antilles'.[9]

### 2. Applicability of the Insurance Contract

In the alternative Antilles argues, that regardless of whether it is immune under Law 45, it is not obligated to insure CAF or KF for liability arising from Plaintiff's injuries. Antilles contends that the Insurance Contract between itself, KF and CAF as an Additional Insured, does not insure either party against suit under the circumstances as alleged in Plaintiff's complaint.

The policy reads in pertinent part that "[t]his insurance applies to 'bodily injury' or 'property damage' [ ] caused by an 'occurrence' that takes place in the 'coverage territory' . . . ." (See Docket No. 430-5 at 16.) The Declarations page of the policy states that "we agree that any aviation or cargo operations or other operations related to use, maintenance, repair, [*sic*] or an aircraft are not covered under any circumstances. Coverage is provided only for office area and premises." (See id. at 3.) To determine the geographical extent of the terms "office area and premises" the court must consider Endorsement CG 21441185 of the Insurance Contract, entitled "Limitation of Coverage to Designated Premises or Project." This clause states that the insurance applies to bodily injury "arising out of . . . the ownership, maintenance, or use of the premises shown in the Schedule and operations necessary or incidental to those premises . . . ." (See id. at 430-5 at 35.) The policy also contains Endorsement CG 20110196, entitled "Additional Insured-Managers or Lessors of Premises, which states that the insurance applies "only with respect to liability arising out of the

---

[9] The court also finds that the employer liability exclusion contained in the Insurance Contract (see Docket No. 430-5 at 16) does not apply in these circumstances. The contract clearly states that "[t]his exclusion does not apply to liability assumed by the insured under an 'insured contract.'" (See id.) The contract goes on to define an insured contract as "[a] contract for a lease of premises." (See id. at 25.) Because it is undisputed that this is a contract for a lease of premises the court rules, as a matter of law, this contractual exclusion does not apply.

**Civil No. 08-1448 (GAG)**                    15

ownership, maintenance or use of that part of the premises leased to [named insured]." (See id. at 31.)

In its motion for summary judgment CAF argues that the policy's language clearly covers the accident that caused Plaintiff's injuries. (See Docket No. 430-8 at 17-23.) CAF contends that, because the accident occurred on the VRC during Plaintiff's egress from the Premises, a nexus is established between the accident and the "use" of the leased Premises. CAF cites a number of sources form various state courts indicating that the use of similar language in insurance contracts has resulted in a finding of liability. (See id. at 20-23.) CAF emphasizes that courts are even more inclined to interpret the "arising out of" language as including egresses from the premises, when the injury occurs in a "common area." In opposition, Antilles directs the court's attention to the previously mentioned Declarations page, which includes a provision excluding coverage for any liability arising out of "any aviation or cargo operations or other operations related to use, maintenance, repair or [sic] an aircraft. . . ." (See Docket No. 430-5 at 3.)

The facts of the case seem to indicate that at the time of the incident Plaintiff was using the VRC to travel from KF's leased office space to the first floor of the CAF1 building to make it to the airplane hangar. CAF contends that this "use of a 'common area' to travel between floors can in no way be considered 'aviation or cargo operations' or 'other operations related to . . . an aircraft.'" (See Docket No. 438-2 at 17.) In response, Antilles presents evidence of photographs of the area which mark the corridor to the VRC as well as the VRC itself as a "Restricted Area" for "Air Operations." (See Docket No. 429-1 at 4-5.) Antilles also provides an insurance quotation from March 1, 2001, which excludes "cargo operation, transportation, loading or unloading, hangar, mechanical services" from the coverage provided. (See Docket No 80-4.) As previously recognized by the court, there is conflicting evidence regarding the VRC's status as a "common area" under the lease. See supra, Section B.2. A determination of this factual issue will aid the court in deciding the applicability of the Insurance Contract to the circumstances surrounding Plaintiff's injuries. Therefore, in light of the presented conflicting evidence and the ambiguous nature of the contract language, the court, at this time, **DENIES** summary judgment as to the issue of Antilles obligations

**Civil No. 08-1448 (GAG)**                16
to indemnify under the Insurance Contract.

IV.   **Conclusion**

For the foregoing reasons, the court **GRANTS in part and DENIES in part** the instant motions for summary judgment (Docket Nos. 429, 430, 431, 441).  The court **GRANTS** KF's summary judgment motion (Docket No. 441) against Plaintiff and **DISMISSES** Plaintiff's claim against KF.  The court **GRANTS in part** CAF's motions against KF and Antilles (Docket Nos. 430 & 431), holding that the Law 45 immunity does not apply to either KF's nor Antilles' contractual obligations to indemnify CAF for liability it incurs for Plaintiff's injuries.  As to the remaining issues, the court recognizes issues of material fact which directly effect the courts ability to interpret the terms found in both the Mutual Indemnification Clause as well as the Insurance Contract between CAF, KF, and Antilles.  Therefore, the court **DENIES** the summary judgment motions (Docket Nos. 429, 430, 431, 441) as to these issues.

**SO ORDERED**

In San Juan, Puerto Rico this 24th day of March, 2011.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge