1

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

3

4   **JUAN CARLOS PEREZ GARCIA, et al.,**

5       **Plaintiffs,**

6           **v.**                                          **CIVIL NO. 08-1448 (GAG)**

7   **PUERTO RICO PORTS AUTHORITY, et al.,**

8       **Defendants.**

9

10                          **MEMORANDUM OPINION AND ORDER**

11          On April 7, 2011, third-party defendant Kingfisher Air Services, Inc. ("Kingfisher") moved

12   for reconsideration (Docket No. 502) of the court's opinion and order (Docket No. 496) granting in

13   part and denying in part Kingfisher's motion for summary judgment (Docket No. 441).  Kingfisher

14   moved for reconsideration on two grounds: (1) no admissible evidence was presented to support

15   defendant Carribean Airport Facilities' ("CAF") contention that the vertical reciprocating conveyor

16   ("VRC") was considered a common area under the lease; and (2) the Mutual Indemnification Clause

17   between Kingfisher and CAF is not applicable to the facts of the case.  After considering

18   Kingfisher's arguments, the court **DENIES** its motion for reconsideration (Docket No. 502).

19          In its previous opinion and order, the court found that CAF had presented sufficient evidence

20   to create a triable issue of fact as to the status of the VRC as a common area under the lease.  (See

21   Docket No. 496 at 12.)  The court previously cited the affidavit of CAF owner Anthony Tirri and

22   the deposition testimony of Kingfisher employee Michael Jackson, as sufficient evidence to deny

23   summary judgment.  Kingfisher now contends that the affidavit of Anthony Tirri cannot be

24   considered by this court as it represents a "sham affidavit," which directly contradicts Tirri's

25   previous deposition testimony.  The court disagrees with Kingfisher's interpretation of Anthony

26   Tirri's statements in his deposition.  The section of Tirri's deposition, cited by Kingfisher as

27   contradictory, states:

28                  Q: Does this agreement include storage agreement, a storage facility or space

**Civil No. 08-1448 (GAG)**

1    in the warehouse?

2    A: No, it does not appear to.

3  (See Docket No. 442-2 at 5, l. 8-11.)  Contrary to Kingfisher's assertion, this response does not

4  directly contradict the statement in Tirri's affidavit, which states that "[t]he incident that is the

5  subject of the underlying action involved the VRC, which was within CAF1 and was one of the

6  common areas of the building."  (See Docket No. 431-6 at 44, ¶ 9.)  See Marquez v. Drugs

7  Unlimited, Inc., 2010 WL 1133808 (D.P.R. Mar. 22, 2010) (citing Hernandez-Loring v. Universidad

8  Metropolitana, 233 F.3d 49, 54 (1st Cir. 2000)) (for a court to disregard statements attested to by a

9  party in a sworn affidavit, the statements must be unambiguously contradictory to previous

10  deposition testimony).  Anthony Tirri's sworn statement does not unambiguously contradict his

11  assertion that CAF's agreement did not include storage space in the warehouse.  Instead, the

12  statement speaks to the status of the VRC as a common area in the building.  Therefore the "sham

13  affidavit" doctrine is inapplicable to these statements.

14    Furthermore, the court considers Michael Jackson's statement that the VRC was used "a lot"

15  sufficient to demonstrate that Michael Jackson, an employee of Kingfisher, believed that Kingfisher

16  had access to the VRC and the surrounding premises; permitting the inference that the VRC was

17  located in a common area.  The court considers this submitted evidence sufficient to create a genuine

18  issue of material fact as to the status of the VRC at the time of Plaintiff's accident.

19    As to Kingfisher's second ground for its motion, the court disagrees with Kingfisher's

20  interpretation of the Mutual Indemnification Clause.  The portion of the clause at issue reads, "any

21  injury to or death of persons and/or any damage to or destruction of property on or about the

22  Premesis and *attributable to the negligence or misconduct* of the Lessee or Lessor respectively. . .

23  ." (See Docket No. 80-17 at ¶ 7) (emphasis added).  In its motion,  Kingfisher asserts that the

24  language "attributable to the negligence or misconduct" necessarily entails that the Mutual

25  Indemnification Clause only applies when *either* the Lessee or the Lessor is *wholly* responsible for

26  the resulting damages.  The court finds that this result is not mandated by the language of the clause.

27

28    2

**Civil No. 08-1448 (GAG)**

1   The phrase "attributable to" does not necessarily preclude the application of the Mutual

2   Indemnification Clause when *both* the Lessor and Lessee are legally responsible for the resulting

3   damages.   In support of its interpretation, Kingfisher cites <u>Luis Hernandez Rosado v. Popular</u>

4   <u>Leasing and Rental</u>, 2004 PR App. LEXIS 668, however, this Puerto Rico Court of Appeals case

5   cannot be considered by this court, as no English translation has been submitted.  <u>See Puerto Ricans</u>

6   <u>for Puerto Rico v. Dalmau</u>, 544 F.3d 58, 67 (1st Cir. 2008).   Therefore, the court finds that the

7   Mutual Indemnification Clause is applicable if it is determined that both CAF and Kingfisher are

8   legally responsible for Plaintiff's injuries.

9          For the foregoing reasons the court **DENIES** Kingfisher's motion for reconsideration

10  (Docket No. 502).

11

12         **SO ORDERED.**

13  In San Juan, Puerto Rico this 11th day of April, 2011.

14

15                                                        *s/ Gustavo A. Gelpí*

16                                                        GUSTAVO A. GELPI
                                                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28                                                        3