**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**JUAN CARLOS PEREZ-GARCIA, et al.,**

   **Plaintiffs,**

   v.

**PUERTO RICO PORTS AUTHORITY, et al.,**

   **Defendants,**

   v.

**KINGFISHER AIR SERVICES, INC., et al.,**

   **Third-Party Defendants**

Civil No. 08-1448 (GAG)

## ORDER

Juan Carlos Perez-Garcia ("Plaintiff") filed the present action against Puerto Rico Ports Authority ("PRPA"), Caribbean Airport Facilities, Inc. ("CAF"), and their respective insurance companies,[1] for damages sustained when a golf cart fell from the second level at the San Juan International Airport ("SJU Airport"). (See Docket No. 388). Plaintiff was being transported to Kingfisher Air Services' ("KF") hangar facility at the SJU Airport on May 2, 2006, when the golf cart fell from a vertical reciprocating conveyor ("VRC") on the second floor to the first floor. After Plaintiff filed his complaint, CAF filed a third-party complaint against KF, KF's insurance company Antilles Insurance Company ("Antilles"), Club Car LLC ("Club Car") and Bayamon Golf Cars ("Bayamon Golf") seeking contribution and/or indemnity from these defendants in the event CAF Defendants were found liable in the original action.

The present matter involves a motion *in limine* filed by CAF (Docket No. 632). The motion

---

[1] ACE Property and Casualty Insurance Company ("ACE") and Chartis Insurance Company - Puerto Rico ("Chartis")

**Civil No. 08-1448 (GAG)** 2

seeks to exclude Third-Party Defendant Club Car's engineering expert Bryan Durig ("Durig") from testifying at trial as to the strength of the chains that were to be installed on the open end of the VRC, particularly, as to whether the chains would have prevented the golf car form the exiting the VRC. PRPA joined CAF's motion (Docket No. 668). CAF moves to exclude Durig's reconstruction test and any opinions derived from it because the circumstances of the reconstruction test were not substantially similar to those of the actual accident. Club Car opposed the motion (Docket No. 684). Club Car argues against the substantially similar standard because Durig's test was not intended to reconstruct the accident, but to determine whether the safety chains that were provided by the VRC manufacturer were of sufficient strength to have stopped the golf car from exiting the platform. For the following reasons, the court **GRANTS** CAF's motion at Docket No. 632.

### I. Legal Standard

"When a party introduces evidence that attempts to reconstruct an accident, that party must show a 'substantial similarity in circumstances' between the reconstruction and the original accident." Jodoin v. Toyota Motor Corp., 284 F.3d 272, 278 (1st Cir. 2002) (quoting Fusco v. Gen. Motors Corp., 11 F.3d 259, 264 (1st Cir. 1993)). The standard is different when a party introduces evidence that simply illustrates general scientific principles. See Jodoin, 284 F.3d at 278 (citations omitted). When the evidence is used for the latter, the court's inquiry focuses on "whether the test on which the evidence is premised was 'properly conducted.'" Jodoin, 284 F.3d at 278 (citations omitted). The court looks "to whether the evidence is sufficiently close in appearance to the original accident to create the risk of misunderstanding by the jury, for it is that risk that gives rise to the special requirement to show similar conditions." Jodoin, 284 F.3d at 278-79) (quoting Fusco, 11 F.3d at 264) (internal quotation marks omitted).

### II. Legal Analysis

#### A. Applicable Standard

Here, Durig tested the strength of the safety chains that were to be installed at the open end of the VRC, against the impact of a Club Car Model DS Golf Car. Durig drove the golf car into the safety chains to determine whether these were strong enough to prevent the golf car from further

forward movement. The exemplar chains were suspended from two vertical wooden posts "to simulate the physical setup of the VRC opening." (See Docket No. 684 at 4.) It is anticipated Durig will testify at trial that, had the chains been installed, they would have restrained the golf car from exiting the VRC on the day of the accident. (See Docket No. 599 at 206.) Although "[s]cientific principles, when demonstrated in a fairly abstract way, are quite unlikely to be confused with the events on trial[,]" there are "more troublesome cases", like this one, "where some principles of some kind may be demonstrated but in a fashion that looks very much like a recreation of the event that gave rise to the trial." Fusco, 11 F.3d at 264 n.5. Because both golf cars and setups are facially similar, a jury would likely view the testing as a reconstruction of the actual accident and not merely illustrative of scientific principles. See Jodoin, 284 F.3d at 279 (citations omitted). Accordingly, "the proper test is the substantial similarity standard." Id. The court highlights that "[p]erfect identity between the experimental conditions and the actual conditions is not necessary" under the substantial similarity standard. Bado-Santana v. Ford Motor Co., 482 F. Supp. 2d 197, 201 (D.P.R. 2007) (citing Robbins v. Whelan, 653 F.2d 47, 49 (1st Cir. 1981)).

### B.  Durig's Test

CAF argues that Durig's test is inadmissible because the testing exposed the exemplar chains to substantially different conditions than those involved in the instant case. The court agrees.

To examine the strength of the chains, Durig secured two safety chains to two vertical wood posts. (See Docket No. 684 at 2-3.) Durig reinforced each wooden column with diagonal support beams anchored into the ground. (See Docket No. 632-5 at 2.) The VRC involved in the subject incident is not made out of wood.

Durig used closed brackets to connect the chains to the wooden posts. (See Docket No. 632-7 at 2-5.) Whereas, the chains that were to be connected to the VRC would have been placed on top of open-ended hooks. (See Docket No. 632-8 at 2.) Durig admitted in his deposition that his test did not determine how a chain or chains might react if attached to the VRC with an open hook. (See Docket No. 632-4 at 22.)

Durig used "quick links" to connect the chains to the closed brackets. (See Docket No. 632-9 at 2.) The chains on the VRC would not have had this type of link at the end, and would have

merely been connected to the column hooks with one of the links of the chain. (See Docket No. 632-8 at 2.) Furthermore, the "quick link" used by Durig was thicker than the links of the chain that would have been used on the VRC. (See Docket No. 362-7.)

The test was not performed on a steel surface like the floor of the VRC, but on bare ground –*i.e.*, dirt and grass. (See Docket Nos. 632-4 at 23; 632-5 at 2.) Club Car admits Durig did not test the coefficient of friction on the ground on which he performed the subject test to determine whether it was substantially similar to that of a steel floor. (See Docket No. 684 at 3.) Durig performed the test outdoors, whereas the subject incident occurred inside a hangar. (See Docket No. 632-4 at 13 ll. 11-12.) Although Durig testified the ground was "relatively level", he did not measure the ground as to ensure that it did not have a downward or upward slope. (See Docket No. 632-4 at 23-24.) The floor of the VRC had previously been measured to have no slope. (See Docket No. 632-6 at 11.)

Durig used a 2002 model Club Car, while the incident involved a 1996 model. (See Docket Nos. 632-4 at 14; 632-6 at 5.) Durig did not ensure the weight of the exemplar vehicle was substantially similar to that of the golf car involved in the incident. (See Docket No. 632-4 at 18.)

The strength of the chains was only tested by Durig against a golf car placed two and a half feet from the chains. (See Docket No. 632-4 at 28.) Although two witnesses have estimated that was the distance between the golf car and the edge of the VRC, Plaintiff testified the golf car was approximately five or five and a half feet away. (See Docket No. 632-4 at 28.) Durig did not test the impact of the golf car on the chains when the golf car was placed five feet away. (See Docket No. 632-4 at 28.) Additionally, Durig did not measure the speed of the golf car at the time it came in contact with the chains, nor did he test the tire pressure in the exemplar golf cart. (See Docket No. 632-4 at 24 & 28.)

Due to the aforementioned, the court cannot conclude that there is substantial similarity in circumstances between Durig's test and the subject incident. Accordingly, the court **GRANTS** CAF's motion at Docket No. 632.

### III.    Conclusion

For the following reasons, the court **GRANTS** CAF's motion to exclude Durig's expert testimony as to the strength of the chains that were to be installed on the open end of the VRC

**Civil No. 08-1448 (GAG)**                                5

(Docket No. 632).

      **SO ORDERED**.

    In San Juan, Puerto Rico this 6th day of July, 2012.

                                             *S/Gustavo A. Gelpí*
                                             GUSTAVO A. GELPÍ
                                           United States District Judge