IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN CARLOS PEREZ-GARCIA, et al., <br><br>  Plaintiffs, <br><br>  v. <br><br> PUERTO RICO PORTS AUTHORITY, et al., <br><br>  Defendants, <br><br>  v. <br><br> KINGFISHER AIR SERVICES, INC., et al., <br><br>  Third-Party Defendants. | Civil No. 08-1448 (GAG) |

## ORDER

Juan Carlos Perez-Garcia ("Plaintiff") filed the present action against Puerto Rico Ports Authority ("PRPA"), Caribbean Airport Facilities, Inc. ("CAF"), and their respective insurance companies,[1] for damages sustained when a golf cart fell from the second level at the San Juan International Airport ("SJU Airport"). (See Docket No. 388). Plaintiff was being transported to Kingfisher Air Services' ("KF") hangar facility at the SJU Airport on May 2, 2006, when the golf cart fell from a vertical reciprocating conveyor ("VRC") on the second floor to the first floor. After Plaintiff filed his complaint, CAF filed a third-party complaint against KF, KF's insurance company Antilles Insurance Company ("Antilles"), Club Car LLC ("Club Car") and Bayamon Golf Cars ("Bayamon Golf") seeking contribution and/or indemnity from these defendants in the event CAF Defendants were found liable in the original action.

The present matter involves a motion *in limine* filed by CAF (Docket No. 633). The motion seeks to exclude fact and expert witnesses from testifying on Puerto Rico Occupational Safety and

---

[1] ACE Property and Casualty Insurance Company ("ACE") and Chartis Insurance Company - Puerto Rico ("Chartis").

**Civil No. 08-1448 (GAG)**                                                    2

Health Administration ("OSHA") regulations. Particularly, CAF seeks to preclude Plaintiffs and Third-Party Defendant KF's witness Wilfredo Quiñones ("Quiñones"), as well as Plaintiffs' witness Gladys Cruz Mercado ("Mercado"), from testifying about the legal requirements to import, install and operate VRCs in Puerto Rico.[2] As to the expert witnesses, CAF seeks to exclude any opinions regarding OSHA regulations contained in the expert reports of Plaintiffs' engineering expert John Donnelly ("Donnelly") and Club Car's engineering expert Bryan Durig ("Durig").[3] CAF argues all four witnesses should be precluded from testifying about OSHA regulations because "such testimony would usurp the function of the Court to interpret and apply the law," and "the witnesses are not qualified to render opinions regarding Puerto Rico OSHA regulations." (See Docket No. 633 at 2.)

PRPA joined CAF's motion (Docket No. 668). Plaintiffs oppose the motion (Docket No. 719). Plaintiffs argue CAF "completely mischaracterizes the application and pertinence of OSHA regulations in this case." (See Docket No. 719 at 2.) The record does not reflect an opposition to CAF's motion by either Club Car or KF. For the following reasons, the court **GRANTS in part** and **DENIES in part** CAF's motion at Docket No. 633.

**I.    Witnesses Quiñones and Mercado**

Unless the Federal Rules of Evidence provide otherwise, every person is competent to be a witness. FED.R.EVID. 601. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FED.R.EVID. 602. "Evidence to prove personal knowledge may consist of the witness's own testimony." Id.

Federal Rule of Evidence 701 provides that lay witnesses may testify in the form of an

---

[2] Plaintiffs and KF both designated Mr. Quiñones as a witness to "testify about the legal requirements to import, install and operate VRC's in Puerto Rico and about the records maintained at [OSHA] regarding CAF." (See Docket No. 599 at 146 ¶ 8; 152 ¶ 5.) Plaintiffs also designated Ms. Mercado for the same purported testimony. (See Docket No. 599 at 146-47 ¶ 14.)

[3] Plaintiffs retained Donnelly as an expert witness. (See Docket No. 599 at 193 ¶ 6.) Third-Party Defendant Club Car retained Durig as an expert witness. (See Docket No. 599 at 203 ¶ 2.) Both experts submitted reports which contain opinions regarding OSHA regulations. (See Docket Nos. 633-2 at 6-8; 633-1 at 10 ¶ 11.)

opinion only if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED.R.EVID. 701.

According to the pretrial report, Quiñones and Mercado's testimonies relate to "the legal requirements to import, install and operate VRC's in Puerto Rico." (See Docket No. 599 at 146 ¶ 8; 146-47 ¶ 14; 152 ¶ 5.) As lay witnesses, Quiñones and Mercado may testify about matters within their own personal knowledge. They are both employees of OSHA[4] and, as such, may have personal knowledge of OSHA regulations and the legal requirements required for the importation, installation and operation of VRCs in Puerto Rico. If a proper foundation is laid, these witnesses may testify as to their personal knowledge regarding these regulations. See United States v. Ayala-Pizarro, 407 F.3d 25 (1st Cir. 2005) (finding police officer's testimony on nature of drug points and on heroin packaging for distribution was not expert testimony). Accordingly, Quiñones and Mercado's testimonies as to legal requirements will not be excluded from trial. Notwithstanding, Quiñones and Mercado may not testify as to whether the CAF-operated VRC at issue complied with these requirements, unless the witness first demonstrates personal knowledge to do so. The court cautions that KF and Plaintiffs' counsel should tread lightly, as it will not allow either to proffer "an expert in lay witness clothing." FED.R.EVID. 701, Advisory Committee note; see Rooney v. Sprague Energy Corp., 519 F. Supp. 2d 110, 117 (D. Me. 2007). As the First Circuit has observed, the line between expert testimony under Rule 702 and lay opinion testimony under Rule 701 is not easy to draw. Ayala-Pizarro, 407 F.3d at 28 (citations omitted) (internal quotation marks omitted). The court shall sustain any proper objection to either witness' testimony that "cross[es] the line to become expert testimony."[5] Id.

---

[4] Quiñones is an OSHA employee with the Boilers and Elevators Division. (See Docket No. 633-3.) Mercado is an assistant secretary at OSHA. (See Docket Nos. 633-3 & 633-4.)

[5] Before the witness testifies, the parties shall request a sidebar to address any such issues.

## II.   Expert Witnesses Durig and Donnelly

CAF argues Durig and Donnelly are not qualified by knowledge, skill, experience, training, or education to render relevant expert testimony regarding OSHA regulations. (See Docket No. 633 at 8.) CAF claims neither expert's *curriculum vitae* ("CV") demonstrates expertise in occupational safety or OSHA regulations. (See Docket No. 633 at 9.) The court agrees.

The admission of expert testimony is governed by Federal Rule of Evidence 702. That rule provides that,

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED.R.EVID. 702.

Before accepting expert testimony, a district court must determine whether the witness is "qualified as an expert by knowledge, skill, experience, training, or education." FED.R.EVID. 702. "It is well-settled that 'trial judges have broad discretionary powers in determining the qualification, and thus, the admissibility, of expert witnesses.'" Diefenbach v. Sheridan Transp., 229 F.3d 27, 30 (1st Cir. 2000) (quoting Richmond Steel, Inc. v. Puerto Rican Am. Ins. Co., 954 F.2d 19, 20 (1st Cir. 1992)). There is no mechanical formula for determining whether an expert is qualified to offer opinion evidence in a particular field. Santos v. Posadas De Puerto Rico Assocs., Inc., 452 F.3d 59, 63 (1st Cir. 2006). "The test is whether, under the totality of circumstances, the witness can be said to be qualified as expert in a particular field, through any one or more of the five bases enumerated in Rule 702 –knowledge, skill, experience, training, or education." Id. at 63-64 (citations omitted).

Durig's CV (Docket No. 633-6) does not indicate expertise in occupational safety or OSHA regulations. Accordingly, the court will preclude Durig's expert testimony regarding OSHA regulations.

With regard to Donnelly, while his CV (Docket No. 633-5) indicates extensive knowledge and experience in the area of elevator safety regulations and standards,[6] it does not indicate his

---

[6] Since 1982, he has been a member of various committees on safety codes of the American

**Civil No. 08-1448 (GAG)** 5

knowledge and experience extends to VRCs. Donnelly states in his report, at least twice, that VRCs are not elevators. (See Docket No. 633-2 at 4, 6.) The safety regulations and standards pertinent to Donnelly's expertise are specific to elevators and do not cover conveyors such as a VRC. (See Docket No. 633-2 at 5.) The court finds his testimony on the applicable OSHA regulations, and his opinions on the compliance thereof, to be beyond the scope of his expertise. Accordingly, the court will preclude Donnelly's expert testimony as to the OSHA regulations.

For the reasons stated above, the court **GRANTS in part** and **DENIES in part** CAF's motion *in limine* to preclude fact and expert witnesses from testifying as to OSHA regulations.

### III. Conclusion

For the foregoing reasons, the court **GRANTS in part** and **DENIES in part** CAF's motion at Docket No. 633. Witnesses Quiñones and Mercado are allowed to testify at trial as to OSHA regulations and legal requirements, with the caveat that their testimonies must be limited to matters of which they have personal knowledge. Durig and Donnelly are both precluded from testifying as to OSHA regulations.

**SO ORDERED**.

In San Juan, Puerto Rico this 9th day of July, 2012.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge

---

Society of Mechanical Engineers ("ASME"). (See Docket No. 633-5.) He has served on the Advisory Board and as a Director of the National Association of Elevator Safety Authorities. (See id.) Additionally, Donnelly belongs to several elevator safety associations, including the Elevator/Escalator Safety Foundation and the National Association of Vertical Transportation Professionals.